October 26, 1908.

————o————

No. 4472.

(Court of Appeal, Parish of Orleans.)

RIDGLEY BROS. VS. THOMAS LINN, ET AL.

1. Where, under Act 134 of 1906, the owner in a building contract fails to exact a bond from the contractor, or, having exacted a bond fails to record the same in the manner and within the time provided by the Act, he shall be deemed in default and shall be liable

—15—

to sub-contractors, workmen, laborers, mechanics and furnishers of materials to the same extent as the surety on the contractor's bond would have been.

2. Paragraph 3 of Sec. 1 of the Act *supra* which requires those who have claims against the contractor growing out of the building contract, to file with the owner and to record a sworn statement of their claim within forty-five days after the completion of the work, refers only to cases where the owner has complied with the law by taking and recording a bond. Where no bond, however, has been taken and recorded the owner's liability is absolute.

Appeal from First City Court, Division "A."

Morgan & Milner, for Plaintiff and Appellant.

A. Guilbault, for Defendant and Appellee.

MOORE, J. The question involved in this cause is whether under Act 134 of 1906, where a building contract, exceeding $1,000.00 was not recorded and where no bond was exacted by the owner or given by the contractor, the former is liable for the claim of a furnisher of materials to the same extent as is the contractor, notwithstanding the fact that the furnisher of materials had not filed with the owner and had not recorded a sworn statement of his claim within forty-five days after the completion of the contract. The purpose of the Act, *supra*, is to require owners to secure bonds with solvent and sufficient surety from the contractor for the protection of all parties interested in the contract, as their interest may appear, so that by the due registry of the bond as well as the building contract, the owner may escape liability for the claims of the sub-contractors, laborers and furnishers of materials. When such bond is obtained, and when both it and the contract are duly recorded, those who have claims against the contractor are required to file with the owner and to record a sworn statement of their claims within forty-five days after the completion of the work, in which event, upon the petition of the owner, a concursus is formed, the claimants, the contractor and the surety on the latter's bond being made parties thereto, and in which proceeding the respective rights and obligations of all parties, *inter sese,* are to be determined.

In the proceeding, if no objection is made to the sufficiency or solvency of the surety on the bond a certificate to that effect

—16—

is given by the clerk of the Court in which the proceedings is filed and on this certificate the Recorder of Mortgages shall cancel all inscriptions created by the recordation of the contract, bond or claims of sub-contractors, laborers, furnishers of materials, etc. Having thus complied with the law, *id est*: by recording the contract and the bond and forming the concursus in which the claimants may obtain their judgments against the surety of the contractor, the owner can not be held liable for any of the unpaid claims due by the contractor.

If, however, the owner has failed to exact a bond, or, if having obtained a bond from the contractor he has failed to record same, "the owner shall be deemed in default and shall be liable to the same extent as the surety (on the bond of the contractor) would have been." Par. 6, Sec. 1.

The extent of the surety's liability as expressed by the 2nd par. of this section is: "The true and faithful performance of the contract and the payment of all sub-contractors, workmen, mechanics and furnishers of materials."

The law nowhere requires in the case where "the owner shall be deemed in default," *id est*, by his failure to record the bond, that the claimant shall file a sworn statement of his account with the owner and shall record same, as a prerequisite to his right of recovery. The Section of the Act, *supra*, which requires the sub-contractor, workmen and furnishers of materials applies only to cases where a bond has been taken and recorded.

The judgment appealed from was against Linn, the contractor, and in favor of plaintiffs, the furnishers of materials, for the amount sued for; but it rejected plaintiff's demand against Raecker, the owner and other defendant. In this latter particular the judgment is error and it must be amended.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended to the extent of eliminating therefrom so much thereof as dismisses plaintiff's action against Frederick Raecker and inserting in lieu thereof that plaintiffs have judgment against the said Frederick Raecker in the full sum of Eighty-nine and 97-100 Dollars, with legal interest thereon from judicial demand until paid, and all costs of suit, and that as thus amended the judg-

—17—

ment appealed from is affirmed.

November 9, 1908.

Rehearing refused November 23, 1908.

Writ denied by Supreme Court January 9, 1909.